IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JANET WILSON,                      )
                                   )
                Plaintiff,         )    CIVIL ACTION
                                   )
v.                                 )    No.  14-1156-MLB
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
_____)
```

**MEMORANDUM AND ORDER**

This is an action reviewing the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits. The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 17, 23, 26).

**I. General Legal Standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is

overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not

working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

    The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487. Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is

used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); 404.1520(f, g).

## II. History of Case

On February 15, 2013, administrative law judge (ALJ) Rhonda Greenburg issued her decision. (R. at 8-17). Plaintiff alleged that her disability began January 11, 2011 (R. at 8). At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date (R. at 10). At step two, the ALJ found that plaintiff had the following severe impairments: chronic kidney disease secondary to pre-renal azotemia, hypertension and morbid obesity (R. at 10). At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 12-13). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could perform past relevant work and therefore concluded that plaintiff was not disabled at any time. (R. at 16-17).

## III. Analysis

### A. Step 3 Analysis

Plaintiff alleges that the ALJ erred in determining that plaintiff's hypertension did not meet the severity of the listings in 20 C.F.R. Part 404.

At step three, the ALJ must determine whether a claimant's impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude substantial gainful activity. Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). Plaintiff argues that her hypertension affects her blood pressure. Plaintiff, however, has failed to establish that her hypertension meets a listed impairment. See Fischer-Ross v. Barnhart,

431 F.3d 729, 733 (10th Cir. 2005) (stating that the claimant has the step three burden to present evidence establishing her impairments meet or equal listed impairments); Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed.2d 967 (1990) (stating that a claimant must show that her impairment meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.)

After a review of the record, the court finds that there is no medical evidence which would support her position that she meets a listing in 20 C.F.R. Part 404.

### B. Plaintiff's RFC

Plaintiff argues that the ALJ erred in determining her RFC. In assessing RFC, the Commissioner is to consider a claimant's abilities to meet the demands of work despite her impairments. 20 C.F.R. §§ 404.1545-1546, 416.945-946 (2004). The assessment is to be based upon all relevant evidence in the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations. Id. at §§ 404.1545, 416.945. The assessment is to consider physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions; other abilities such as hearing and seeing; and the ability to tolerate various work environments. Id.; see also §§ 404.1521, 416.921 (listing examples of basic work activities which may be affected by impairments).

The ALJ determined plaintiff's RFC as follows:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently climb ramps/stairs, but never ladders/ropes/scaffolds.  She can frequently balance, stoop, kneel, crouch and crawl.  She cannot tolerate exposure to unprotected heights or moving mechanical parts and should not do work involving operation of a motor vehicle.

(R. at 13).

Plaintiff asserts that she cannot balance, stoop, kneel, crouch and crawl due to her heart condition and dizziness.  (Doc. 17 at 2). Plaintiff, however, fails to cite any medical evidence which supports this conclusion.  There are no documented limitations in the record which would support plaintiff's contentions.  Rather, the medical evidence supports the ALJ's conclusions.  (R. at 439-442).

Next, plaintiff contends that she cannot perform light work due to dizzy spells.  The ALJ questioned plaintiff about her dizzy spells. Plaintiff testified that her dizzy spells occurred anywhere from once a week to once a month.  The ALJ considered plaintiff's testimony and noted that the dizzy spells did not affect plaintiff's employment she held in 2011.  (R. at 14).  Moreover, plaintiff did not report the prolonged dizzy spells to her medical providers.  Rather, the provider's records show that the dizziness occurs when she stands up and that this is a side effect from her heart medication and is not a chronic condition.  (R. at 15).  Therefore, the ALJ's conclusion that plaintiff's dizziness would not limit her ability to work is supported by the medical evidence.

Finally, plaintiff argues that her incontinence prevents her from performing light work.  Plaintiff testified that she has to use the restroom up to two times in one hour.  Plaintiff further testified

that her medical providers told her to cut down on the amount of water that she drinks. There is no evidence in the record, however, that plaintiff complained of incontinence to her providers. Therefore, the ALJ determined that plaintiff's alleged limitation due to incontinence was not credible and that it had no limiting impact on her ability to work. (R. at 14-15).

Plaintiff fails to cite any medical evidence in the record which would support her position that the ALJ erred in determining her incontinence did not have a limiting impact on her ability to work. Therefore, the court finds that the ALJ's RFC is supported by substantial medical evidence.

### C. Past Relevant Work

Finally, plaintiff contends that the ALJ erred in determining that she could return to her past work as a training representative. (Doc. 17 at 4). Plaintiff asserts that she would be unable to perform this position because she cannot stand for prolonged periods of time. There is no medical evidence to support plaintiff's assertion that she cannot stand for prolonged periods. (R. at 439-442).

In determining that plaintiff could perform her past work, the ALJ extensively questioned the vocational expert about plaintiff's abilities and her duties as a training representative. The ALJ adopted the vocational expert's findings in her decision. Therefore, the ALJ's determination that plaintiff could perform her past relevant work is supported by substantial evidence.

### IV. Conclusion

The decision of the Commissioner denying disability benefits is affirmed.

IT IS SO ORDERED.

Dated this   25th   day of August 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-8-